IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANA C. MAESTRI                                                               PLAINTIFF

      v.                          Civil No. 2:15-cv-2125-PKH-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Dana Meastri, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff filed her application for DIB on October 16, 2012, alleging an onset date of March 20, 2012, due to major depressive disorder, chronic back and neck pain, hysterectomy, ovarian cysts, migraines, gastro-intestinal reflux disease ("GERD"), bilateral leg condition due to medication, and memory loss. (Tr. 144-147, 167-168, 196, 205-206)  The Commissioner denied her application initially and on reconsideration.  At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on September 18, 2013.  (Tr. 28-59)  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 51 years old and possessed a high school education. (Tr. 22, 34)   She had past relevant work ("PRW") experience as an administrative clerk, an appliance assembler, and a membership secretary.  (Tr. 21, 169-176, 198)

On February 13, 2014, the ALJ concluded that the Plaintiff's major depressive disorder and disorder of the back were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 12-15)  He then found Plaintiff capable of performing medium work involving simple, routine, and repetitive tasks; simple, work-related decisions with few, if any, workplace changes; and, no more than incidental contact with co-workers, supervisors, and the general public. (Tr. 15)  With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as a foam machine operator, hand packer, and machine packer. (Tr. 22)

The Appeals Council denied the Plaintiff's request for review on June 1, 2015. (Tr. 1-4)  Subsequently, Plaintiff filed this action. (ECF No. 1)  This matter is before the undersigned for report and recommendation.  Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13)

**II.    Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's failure to develop the record with regard to the Plaintiff's mental impairments and resulting RFC. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545.  A disability claimant has the burden of establishing his or her RFC.  *Vossen,* 612 F. 3d at 1016.  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts.  *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).  The ALJ should recontact a treating or consulting physician if a critical issue is undeveloped or underdeveloped and is required to order medical examinations and tests when the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

The record in this case contains over 1,000 pages, approximately 700 of which are medical records from the Veteran's Administration ("VA") chronicling Plaintiff's extensive treatment for depression, anxiety, and insomnia.  The only formal RFC assessments contained in the file,

however, consist of psychiatric review technique forms and mental RFC assessments completed by non-examining consultants in December, 2012 and April, 2013. (Tr. 66-70, 81-86)

Although the ALJ ordered a consultative mental evaluation from Dr. Patricia Walz in December, 2012, it did not include an RFC assessment. Dr. Walz diagnosed Plaintiff with major depression and assessed her with a global assessment of functioning ("GAF") score of 45-50, which is indicative of serious symptoms. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000). Dr. Walz also indicted that the Plaintiff's social skills and concentration were impaired. Further, she noted a variable speed of information processing. This aligns with the diagnoses and GAF scores assigned by both Plaintiff's treating psychiatrist, Dr. Pearl Beguesse and therapist, Candace Merritt. Dr. Beguesse and Ms. Merrit assigned GAF scores ranging from 45-55, with the most common score being 50. While we note that GAF scores are not binding on the ALJ, consistent GAF scores, as seen in this case, do warrant at least some consideration. *Pates–Fires v. Astrue,* 564 F.3d 935, 945 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Further, in July, 2014, a year after the most recent RFC assessment of record, Ms. Merrit penned a letter providing additional insight into the Plaintiff's treatment. (Tr. 1013) She indicated that the Plaintiff had been in treatment since March 28, 2012. Despite Plaintiff's best efforts, she had not made the progress with psychotherapy and medication they had hoped for, and she continued to struggle in every aspect of her life. (Tr. 1013) Further, Ms. Merritt stated that Plaintiff's depression affected her relationships with her husband, family, and friends, and it prevented her from returning to work and interacting with strangers. The ALJ did not, however, recontact Ms. Merrit for further elaboration. Accordingly, given that the record before this Court

documents extensive treatment for depression and anxiety, the Court finds that remand is necessary to allow the ALJ to obtain RFC assessments from Dr. Beguesse, Ms. Merritt, and Dr. Walz. Upon receipt of those RFC assessments, the ALJ is directed to reconsider the limitations resulting from Plaintiff's mental impairments. In so doing he is reminded that the evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their "ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

      The Court also notes that the record does not contain a physical RFC assessment. Since the case is being remanded for further development of the record concerning the Plaintiff's mental RFC assessment, the ALJ is also directed to obtain a physical RFC assessment from Plaintiff's treating physician, Dr. Jimmy Herndon, at the VA Primary Care Clinic.

## IV.     Conclusion:

Based on the foregoing, we recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August, 2016.

/s/Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE